IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 1 0 2020

CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| LARRY KIRK POINTER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:20-CV-304-A |
| | § | |
| BOBBY LUMPKIN, Director,[1] | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
## and
## ORDER

Before the court is a petition for a writ of habeas corpus
pursuant to 28 U.S.C. § 2254 filed by petitioner, Larry Kirk
Pointer, a state prisoner, against Bobby Lumpkin, director of the
Texas Department of Criminal Justice, Correctional Institutions
Division, respondent. After having considered the pleadings and
relief sought by petitioner, the court has concluded that the
petition should be dismissed as time barred.

### I.  Factual and Procedural History

In 2009 petitioner was indicted in Tarrant County, Texas,
Case No. 1159069D, for murdering Michael Wells by stabbing him
with a knife. (Clerk's R., 2, doc. 25-2.) In 2011 he was re-
indicted for the offense in Case No. 1244911R. (Id. at 2.) The

---

[1]Bobby Lumpkin has replaced Lorie Davis as the director of the
Correctional Institutions Division of the Texas Department of Criminal
Justice. Thus, he is automatically substituted as the party respondent. Fed.
R. Civ. P. 25(d).

re-indictment included a deadly-weapon finding notice and a habitual-offender notice. On September 15, 2011, a jury found petitioner guilty of murder with a deadly weapon and, on September 23, 2011, the trial court found one prior conviction true and assessed his punishment at 50 years' imprisonment. (Id. at 251, doc. 25-9; Id. at 254, doc. 25-10.) Petitioner's conviction was affirmed on appeal and, on July 24, 2013, the Texas Court of Criminal Appeals refused his petition for discretionary review. (Docket Sheet 2, doc. 25-1.) Petitioner filed this federal habeas-corpus petition challenging his conviction on March 23, 2020.[2] (Pet. 10, doc. 3.)

## II.  Issues

In his petition, petitioner raises four grounds for habeas relief. (Id. at 6-7.) Respondent contends that the petition is untimely under the federal one-year statute of limitations. (Resp't's Answer 3-6, doc. 23.)

## III.  Statute of Limitations

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

---

[2] A federal habeas petition filed by a prisoner is deemed filed when the petition is placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

The limitations period shall run from the latest of–

        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

With limited exceptions not applicable here, under subsection (A), the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, petitioner's judgment of conviction by jury became final upon expiration of the time that he had for filing a petition for writ of certiorari in the United States Supreme Court on October 22, 2013. *See Jimenez v. Quarterman,* 565 U.S.

134, 119-20 (2009); SUP. CT. R. 13. Thus, the limitations period commenced the next day and expired one year later on October 22, 2014, absent any tolling.

Tolling of the limitations period may be appropriate under the statutory tolling provision in § 2244(d)(2) and/or as a matter of equity. Petitioner did not file any state post-conviction or other collateral review for purposes of the statutory tolling provision.[3] Thus, this federal petition filed on March 23, 2020, is untimely unless petitioner is entitled to tolling as a matter of equity.

For equitable tolling to apply, a petitioner must show (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented him from filing a timely petition or make a "convincing showing" that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408 (2005)). Petitioner makes no such showing.

Accordingly, petitioner's federal petition was due on or before October 22, 2014. His petition filed on March 23, 2020, is

---

[3]Petitioner did file a post-conviction "Writ of Injunction," which was construed as an application for a writ of mandamus, in state court, however the document is largely indecipherable and it is virtually impossible to determine whether the writ seeks review of the judgment of conviction. (App. for Writ of Mandamus, doc. 25-50.) *See Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002). Nevertheless, the writ was filed on July 30, 2018, long after the limitations period had expired. Therefore, the writ does not operate to toll the one-year limitations period for purposes of § 2244(d)(2).

therefore untimely.

For the reasons discussed, it is ORDERED that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, DISMISSED as time barred. Petitioner has not made a showing that reasonable jurists would question this court's procedural ruling. Therefore, it is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED September *10*, 2020.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE